IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0945-04






DENNIS HOOD, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


POTTER COUNTY





 Price, J., filed a dissenting opinion, in which Johnson, J., joined.


O P I N I O N 



 The majority concludes, without analysis, that the State did not vindictively add
enhancement paragraphs after the appellant had his prior conviction reversed on appeal. 
As a result, I dissent.

 The majority uses Texas v. McCullough (1) to conclude that the State rebutted the
presumption that the State acted vindictively in adding enhancement allegations when the
appellant was re-indicted after successfully having his prior conviction reversed. 
Although McCullough generally stands for the proposition that events that occur after the
initial sentencing are not the only factors that can rebut a presumption of vindictiveness, (2)
the facts of McCullough are drastically different from the facts of the instant case. 

 In McCullough, the defendant was first sentenced by a jury. The trial court
granted a new trial, and the defendant went to the judge for sentencing (the same judge
who granted the motion for new trial). On retrial, the State produced more evidence,
including the facts that the defendant was actually the shooter in the offense and that the
defendant had been out of prison for only four months when he committed the offense. 
The Supreme Court simply held that the reason for an increase in punishment resulting
from a retrial need not have arisen after the first sentencing. (3) 

 In the case before us now, the State added enhancements to an indictment after the
court of appeals had reversed the prior conviction. The State's reason: we simply forgot
to do it the first time. This is not even remotely like McCullough. 

 The majority opinion notes that some jurisdictions have chosen to accept the
excuse, "we forgot," as a legitimate reason for increasing the stakes in a criminal case on
retrial. It also notes that some jurisdictions have chosen not to accept "we forgot." It
then simply adopts that former, without any analysis whatsoever.

 Because the majority provides no analysis for its conclusion, I must dissent.


Filed: January 18, 2006. 

Publish.
1. 475 U.S. 134, 135-37 (1986).
2. Id. at 137.
3. Ibid.